IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**DAVID LANEY, JEREMY ADAMS, KEVIN HOLMES**     **PLAINTIFFS**
**and DOUGLAS MONEYPENNY, Individually and**
**on behalf of Others Similarly Situated**

vs.                                               No. 5:17-cv-650

**REDBACK COIL TUBING, LLC, MIKE FERNANDEZ,**
**PAUL JACOBI, DANTE DOMENICHELLI, PHIL**
**LANCASTER and MARK LAYTON**                              **DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiffs David Laney, Jeremy Adams, Kevin Holmes and Douglas Moneypenny, individually and on behalf of all others similarly situated, by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against Defendants Redback Coil Tubing, LLC, Mike Fernandez, Paul Jacobi, Dante Domenichelli, Phil Lancaster and Mark Layton (collectively referred to hereinafter as "Defendants"), and in support thereof they do hereby state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1.    This is a collective action brought by Plaintiffs David Laney, Jeremy Adams, Kevin Holmes and Douglas Moneypenny (hereinafter "Plaintiffs"), individually and on behalf of all other Supervisors employed by Defendants at any time within a three-year period preceding filing of this Complaint.

2. Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiffs and other Supervisors lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, infra.

4. Each Plaintiff and the members of the proposed class were, at times, misclassified by Defendants as salary/exempt. That is not to say that these claimants don't have regular rate claims against Defendants; but rather the regular rate claims are not asserted in this case, except as required by law.

## II.    JURISDICTION AND VENUE

5. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. The acts complained of herein were committed and had their principal effect within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

7. Redback Energy Services, LLC, does business in this District and a substantial part of the events alleged herein occurred in this District.

8. The witnesses to overtime violations alleged in this Complaint reside in this District.

9. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiffs challenge are located in this District.

10. Venue is proper in this District. *See* 28 U.S.C. §§ 1391 (b) & (c).

### III.     THE PARTIES

11. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Plaintiff David Laney is a resident and citizen of Custer County, Oklahoma. He was employed by Defendants as a Supervisor within the three (3) years preceding the filing of this Original Complaint.

13. Within the relevant time period, Plaintiff Laney was classified by Defendants as exempt from overtime wages and paid a salary.

14. Plaintiff Jeremy Adams is a resident and citizen of Harrison County, Texas. He was employed by Defendants as a Supervisor within the three (3) years preceding the filing of this Original Complaint.

15. Within the relevant time period, Plaintiff Adams was classified by Defendants as exempt from overtime wages and paid a salary.

16. Plaintiff Kevin Holmes is a resident and citizen of Gregg County, Texas. He was employed by Defendants as a Supervisor within the three (3) years preceding the filing of this Original Complaint.

17. Within the relevant time period, Plaintiff Holmes was classified by Defendants as exempt from overtime wages and paid a salary.

18. Plaintiff Douglas Moneypenny is a resident and citizen of Gregg County, Texas. He was employed by Defendants as a Supervisor within the three (3) years preceding the filing of this Original Complaint.

19. Within the relevant time period, Plaintiff Moneypenny was classified by Defendants as exempt from overtime wages and paid a salary.

20. At all times material herein, Plaintiffs have been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

21. Defendant Redback Coil Tubing, LLC ("Redback"), is a Delaware limited liability company, registered and licensed to do business in the State of Texas.

22. Redback's registered agent for service of process in Texas is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

23. Defendant Mike Fernandez is a vice president of Redback, and at all times relevant hereto, had operational control over Redback.

24. Defendant Paul Jacobi is a vice president of Redback, and at all times relevant hereto, had operational control over Redback.

25. Defendant Dante Domenichelli is a vice president of Redback, and at all times relevant hereto, had operational control over Redback.

26. Defendant Phil Lancaster is a chief executive officer of Redback, and at all times relevant hereto, had operational control over Redback.

27. Defendant Mark Layton is a chief executive officer of Redback, and at all times relevant hereto, had operational control over Redback.

28. At all times relevant hereto, Defendant Dante Domenichelli had the power to hire and fire employees of Redback, supervised and set wages and wage policies for Redback's employees, including Plaintiffs.

29. At all times relevant hereto, Defendant Mike Fernandez had the power to hire and fire employees of Redback, supervised and set wages and wage policies for Redback's employees, including Plaintiffs.

30. At all times relevant hereto, Defendant Paul Jacobi had the power to hire and fire employees of Redback, supervised and set wages and wage policies for Redback's employees, including Plaintiffs.

31. At all times relevant hereto, Defendant Mark Layton had the power to hire and fire employees of Redback, supervised and set wages and wage policies for Redback's employees, including Plaintiffs.

32. At all times relevant hereto, Defendant Phil Lancaster had the power to hire and fire employees of Redback, supervised and set wages and wage policies for Redback's employees, including Plaintiffs.

33. Defendants are "employers" within the meaning set forth in the FLSA, and were, at all times relevant to the allegations in this Complaint, Plaintiffs' employer, as well as the employer of the members of the class.

34. Defendants have employees engaged in commerce and have employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

35. Redback's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

### IV.    REPRESENTATIVE ACTION ALLEGATIONS

36. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Supervisors and/or who were or are employed by Defendants and who are entitled to payment for all of their overtime wages which Defendants failed to pay from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

37. In addition, and in the alternative, Plaintiffs bring this action in his individual and personal capacity, separate and apart from the class claims set forth herein.

38. Plaintiffs also bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The Collective Classes are defined as follows:

**All Salaried Supervisors Employed
by Defendants within the Past Three Years.**

39. This group includes, but is not necessarily limited to, salaried workers employed in states where Defendants do business. Defendants failed to pay these workers at the proper overtime rate. These employees are similarly situated to Plaintiffs, and are owed overtime for the same reasons.

40. Plaintiffs are unable to state the exact number of the class but believe that the classes membership exceeds 20 persons but is less than 120 persons. Defendants

can readily identify the members of the classes, who are a certain portion of the current and former employees of Defendants.

41.     The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

42.     The email addresses or cell phone numbers of many of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via email and/or text message to their last known email addresses/cell phone as soon as possible.

43.     Oilfield workers are by category not at their residences as frequently as many other working-class Americans. As such, they rely on email just as much or more so than typical wage earners, who themselves live their lives with a growing dependence upon email as opposed to traditional U.S. Mail.

44.     The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendants which violated the FLSA, including:

A.  Defendants' uniform misclassification of them as exempt employees under the FLSA; and

B.  Defendants' failure to pay members of the class overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

45.     Plaintiffs allege that Defendants failed to paid Plaintiffs and members of the class an overtime rate of one and one-half times their regular rate of pay as required by the FLSA; Defendants paid Plaintiffs and members of the class a salary with no overtime premium.

46. This action is properly brought as a class action pursuant to the collective action procedures of the FLSA.

47. Plaintiffs bring this action on behalf of themselves individually *and* all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

## V.   FACTUAL ALLEGATIONS

48. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

49. Within the time period relevant to this case, Plaintiffs worked for Defendants as Supervisors.

50. Within the time period relevant to this case, Plaintiffs and other similarly-situated employees worked in excess of forty (40) hours per week throughout their tenure with Defendants.

51. On average, Plaintiffs and other similarly-situated employees worked approximately 80 to 110 hours per week. They did not receive any overtime compensation.

52. Within the time period relevant to this case, Plaintiffs and other similarly-situated employees were misclassified as exempt and paid a salary.

53. Within the time period relevant to this case, Plaintiffs and other similarly-situated employees were also paid non-discretionary bonuses on a regular basis for days on which they worked at a well site operating machines.

54. Plaintiffs and other similarly-situated employees never agreed that their salary would be sufficient to cover all hours worked.

55. Upon commencement of work at Defendants, Plaintiffs and other similarly-situated employees did not sign any contract of employment setting forth their hours or wages. Their annual compensation was not less than $455.00 per week nor more than $100,000.00 per year.

56. In performing their services for Defendants, Plaintiffs and other similarly-situated employees were not required to utilize any professional education relevant to their job duties.

57. Plaintiffs and other similarly-situated employees were classic blue-collar workers, spending physical, demanding, long shifts working on and with machinery, and not in an office.

58. During the course of their employment, Plaintiffs and other similarly-situated employees did not manage the enterprise or a customarily recognized subdivision of the enterprise.

59. Plaintiffs and other similarly-situated employees did not select any employees for hire nor did they provide any training for any employee. Plaintiffs and other similarly-situated employees had no ability to hire and fire any employee.

60. Plaintiffs and other similarly-situated employees did not have any control of or authority over any employee's rate of pay or working hours.

61. Plaintiffs and other similarly-situated employees did not maintain or prepare production reports or sales records for use in supervision or control of the business.

62. Similarly, Plaintiffs and other similarly-situated employees did not have any responsibility for planning or controlling budgets.

63. Defendants did not pay Plaintiffs and other similarly-situated employees one and one-half times their regular rate of pay for all hours worked over forty per week.

64. Plaintiffs worked for Defendants in various places in Texas and Defendants' pay practices were the same at all locations.

65. Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiffs and their other Supervisors violated the FLSA.

66. Plaintiffs and other Supervisors for Defendants routinely use hard hats, drilling equipment, lubricators, blow-out preventers, wrenches, and other tools, in performing their job duties. Thus the employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

## VI.
## FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA)

67. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

68. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C.S. § 207 (LEXIS 2013).

69. Defendants intentionally misclassified Plaintiffs as exempt from overtime compensation.

70. Defendants deprived Plaintiffs of overtime compensation for all of the hours over forty (40) per week in violation of the FLSA.

71. Defendants' conduct and practice, as described above, is and has been at all times relevant hereto, willful, intentional, unreasonable, arbitrary and in bad faith.

72. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

73. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.
## SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA against Plaintiffs and All Those Similarly Situated Class Members)

74. Plaintiffs repeat and re-allege all the preceding paragraphs of the Original Complaint above, as if fully set forth herein.

75. Defendants required Plaintiffs and similarly situated members of the class to work in excess of forty (40) hours each week but failed to pay Plaintiffs and the class members overtime compensation for all of the hours in excess of forty (40) in each workweek.

76. Defendants deprived Plaintiffs and the class members overtime compensation for all of the hours over forty (40) per week, in violation of the FLSA.

77. Defendants' conduct and practice, as described above, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

78. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and similarly situated members of the class for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA.

79. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and similarly situated members of the class as provided by the FLSA, Plaintiffs and similarly situated members of the class are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. WILLFULNESS

80. Plaintiffs repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

81. All actions by Defendants were willful and not the result of mistake or inadvertence.

82. Defendants knew or should have known that the FLSA applied to the operation of its oil and gas well operations at all relevant times.

83. Defendants knew of or should have been aware of previous litigation and enforcement actions relating to wage and hour violations involving the misclassification of positions very similar to Supervisors.

84. Law in support of the position taken by Plaintiffs in this lawsuit is reflected in the U. S. Department of Labor – Wage and Hour Division Fact Sheet #17B. Significantly, the information in the Fact Sheet predates the intentional non-payment of overtime planned and committed by Defendants within the time period of the statute of limitations that is applicable to this case.

85. Despite being on notice of its violations, Defendants chose to continue to misclassify Plaintiffs and other members of the proposed collective class and withhold overtime wages to them in an effort to enhance their profits.

86. Additionally, upon information and belief, some members of the proposed collective class from time to time complained to Defendants about the unlawfulness of Defendants' manner of payment and policies related to improper payment procedures.

## IX. EQUITABLE TOLLING

87. Plaintiffs repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

88. The applicable statute of limitations for Plaintiffs' FLSA cause of action on behalf of themselves and those similarly situated should be tolled because strict application of the statute of limitations would be inequitable.

89. Defendants, as employers with a duty to comply with the FLSA and the means to do so, were and had at all relevant times been in a far superior position than Plaintiffs to understand the FLSA and apply it appropriately, and Defendants should not be permitted to benefit from this imbalance of power by the passage of time.

90. Further, FLSA regulations require that all employers display posters advising employees of their minimum wage and overtime pay rights. 29 C.F.R. § 516.4.

91. An employer's failure to post required FLSA notices regarding minimum wage and overtime provisions can toll the statute of limitations. United States v. Sabhnani, 566 F. Supp. 2d 139 (E.D.N.Y. 2008); Henchy v. City of Absecon, 148 F. Supp. 2d 435, 439 (D.N.J. 2001); Kamens v. Summit Stainless, Inc., 586 F. Supp. 324, 328 (E.D. Penn. 1984).

92. Defendants failed to post all appropriate notices regarding the FLSA.

## X.   PRAYER FOR RELIEF

**WHEREFORE**, premises considered, Plaintiffs David Laney, Jeremy Adams, Kevin Holmes and Douglas Moneypenny, each individually and on behalf of all others similarly situated, respectfully pray for relief and damages as follows:

(a)   That Defendants be summoned to appear and answer herein;

(b)   That Defendants be required to account to Plaintiffs, the class members, and the Court for all of the hours worked by Plaintiffs and the class members and all monies paid to them;

(c)   A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(d)   Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(e)   Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(e)   Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the Class during the applicable statutory period;

(f)   An order directing Defendants to pay Plaintiffs and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(g)     Such other and further relief as this Court may deem necessary, just and proper.

                 Respectfully submitted,

                 **PLAINTIFFS DAVID LANEY, JEREMY ADAMS, KEVIN HOLMES, and DOUGLAS MONEYPENNY, Individually and on behalf of All Others Similarly Situated**

                 SANFORD LAW FIRM, PLLC
                 One Financial Center
                 650 South Shackleford Road, Suite 411
                 Little Rock, Arkansas 72211
                 Telephone: (501) 221-0088
                 Facsimile: (888) 787-2040

By:  */s/ Josh Sanford*
    Josh Sanford
    Tex. Bar No. 24077858
    josh@sanfordlawfirm.com